IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**BENNIE DAVID GUY,**                                                              **PETITIONER**
**TEXAS DEPT. CORR.  #01862511**

**V.**                          **CASE NO. 5:18-CV-104-KGB-BD**

**ARKANSAS ATTORNEY GENERAL**                                    **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.   Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Any party to this suit may file written objections with the Clerk of Court within 14 days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.  Jurisdiction:**

On August 5, 1996, Petitioner Bennie Guy pleaded guilty in the Circuit Court of Crittenden County to rape. He was sentenced to forty years' imprisonment in the Arkansas Department of Correction ("ADC"), to be followed by 10 years' suspended imposition of sentence. *Guy v. Hobbs*, No. 5:13-CV-28 (Docket entry #19-2) (Judgment

and Commitment Order). The Judgment reflected a detainer on Mr. Guy from a conviction arising out of Texas. (*Id.*) As a result, upon his parole from the ADC on February 14, 2013 (*Guy v. Hobbs*, 5:13-CV-28 (#19-7)), Mr. Guy was sent to Texas, where he is presently an inmate in the Texas Department of Correction.

Mr. Guy brings this 28 U.S.C. §2255 petition for writ of habeas corpus (#2) challenging not the sentence he is currently serving in Texas but his Crittenden County conviction for which he was paroled in 2013. (#2 at 2-5) In his petition, he asserts his actual innocence, challenges the effectiveness of his trial counsel, and contends that the trial judge was biased against him. (*Id.* at 6-8)

The Court lacks jurisdiction to hear Mr. Guy's petition because he has already challenged this conviction through several earlier federal habeas petitions. Mr. Guy first petitioned for federal habeas relief in December 2003, when he was an inmate in the ADC, asserting a *Brady* violation, a coerced confession, and ineffective trial counsel. *Guy v. Norris*, No. 5:03-CV-466-JMM (#2). The petition was dismissed as untimely under 28 U.S.C. §2244(d) in January of 2006. (#28, #31, #32) Both the district court and the Eighth Circuit Court of Appeals denied Mr. Guy a certificate of appealability. (#36); *Guy v. Norris*, No. 06-1894 (8th Cir. May 30, 2006).

Mr. Guy filed a second[1] petition for habeas relief in September 2011, again claiming, among other things, that he was coerced into pleading guilty. *Guy v. Hobbs*,

---

[1] In April 2009, Mr. Guy filed a habeas suit against Larry Norris and Gregg Abbott, then Attorney General of Texas, challenging the 1996 Texas conviction for which he is now detained. That case was transferred to the Eastern District of Texas for disposition. *Guy v. Norris & Abbott*, No. 5:09-CV-109.

2

No. 5:11-CV-233-JM (#2). Respondent moved to dismiss the petition arguing that, absent permission to file a successive habeas petition, the district court lacked jurisdiction. (#17) While his petition was pending in district court, Mr. Guy sought, but was denied, leave from the Eighth Circuit to file a successive petition. *Guy v. Hobbs*, No. 11-3243 (8th Cir. Nov. 23, 2011). As a result of the Eighth Circuit's decision, the Respondent's motion to dismiss was granted, and a certificate of appealability was denied. (#19, #23)

Mr. Guy filed a third petition for habeas relief on March 2012, challenging his parole eligibility. *Guy v. Hobbs*, No, 5:12-CV-92-JMM (#2). Respondent again moved to dismiss the petition, noting that Mr. Guy had not received permission from the Eighth Circuit to pursue a successive petition. (# 8, #15). Respondent's motion was rejected, but the petition was nevertheless dismissed, and a certificate of appealability was denied. (#29, #31) Mr. Guy's Eighth Circuit appeal of that ruling was also dismissed. *Guy v. Hobbs*, No. 12-2563 (8th Cir. Sept. 28, 2012).

While he was pursuing relief in case number 5:12-CV-92, Mr. Guy filed a fourth petition for habeas relief in June of 2012. *Guy v. Hobbs*, No. 5:12-CV-222-JM (#2). Yet again, Respondent moved to dismiss for lack of jurisdiction, noting that Mr. Guy had not obtained permission from the Eighth Circuit to file a successive petition. (#8). The district court agreed, dismissed the petition, and denied a certificate of appealability. (#11, #12) Thereafter, in September of 2012, Mr. Guy again petitioned the Eighth Circuit for permission to file a successive habeas petition. His petition was denied. *Guy v. Hobbs*, No. 12-3186 (8th Cir. Jan. 31, 2013).

3

In January 2013, Mr. Guy filed a fifth petition for habeas corpus relief, this time challenging his internal classification by the Arkansas Department of Correction as a sex offender. *Guy v. Hobbs*, No. 5:13-CV-28-HDY (#2). The petition was dismissed without prejudice. (#23)

Mr. Guy's current habeas petition – his sixth – should be dismissed because he has not obtained permission from the Eighth Circuit to pursue a successive petition. Before Mr. Guy can file another federal habeas corpus petition, he must seek and receive an order from the Court of Appeals for the Eighth Circuit authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Without an order from the court of appeals authorizing a second petition, the district court cannot hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[2]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. See Rule 4, Rules Governing Habeas Corpus Cases. The pending petition is clearly successive.

### III. Conclusion:

The Court recommends that Judge Baker DENY and DISMISS, without prejudice, Bennie Guy's petition for writ of habeas corpus (#2) for lack of jurisdiction and DENY

---

[2] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

4

his pending motion to proceed *in forma pauperis* (#1), as moot. Furthermore, Judge Baker should deny a certificate of appealability.

DATED this 30th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE